UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

BARBARA CAPECI; GERALD CAPECI,

        Plaintiffs,            **MEMORANDUM AND ORDER**
                                                       22-CV-6644 (RPK) (PK)

    -against-

SEVEN CORNERS INC.,

        Defendant.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiffs Barbara and Gerald Capeci bring this lawsuit against insurer Seven Corners Inc., invoking diversity jurisdiction. Compl. (Dkt. #1) ¶ 9. They assert that defendant breached its contract with plaintiffs and committed the federal crime of fraud by failing to pay plaintiffs' $1,775.34 claim for emergency medical expenses. *Id*. ¶¶ 1–6. I directed plaintiffs to show cause why the case should not be dismissed for lack of subject matter jurisdiction based on the failure to adequately allege an amount in controversy that exceeds $75,000. Order to Show Cause dated November 7, 2022. Having considered plaintiffs' response, I now dismiss this action on that ground.

    A court may dismiss a lawsuit *sua sponte* for lack of subject matter jurisdiction. *Oscar Gruss & Son., Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003); Fed. R. Civ. P. 12(h)(3). A federal court has subject matter jurisdiction based on diversity if the parties are completely diverse in their states of citizenship and the amount in controversy exceeds $75,000, "exclusive of interests and costs." 28 U.S.C. § 1332(a). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the

1

statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). If it is apparent to a legal certainty that a party invoking diversity jurisdiction cannot recover more than $75,000, the lawsuit should be dismissed. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *see Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 507 n.5 (2d Cir. 2005). "[I]n computing [the] jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, . . . [and a] trial court is plainly not compelled to accept a claim of punitive damages, however unwarranted, made for the purpose of conferring federal jurisdiction." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 225 (2d Cir. 2017) (quoting *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d Cir. 1972), *aff'd*, 414 U.S. 291 (1973)).

Plaintiffs have failed to allege a basis for damages of more than $75,000. They seek the $1,775.34 that defendant allegedly failed to pay them, along with "[t]he costs to prepare, file, and serve this lawsuit." Compl. ¶ 5–6. In addition, they request $75,000 that plaintiffs describe in their complaint as "punitive damages . . . for treating [p]laintiffs like aliens from another galaxy instead of citizens with a valid contract," *id.* ¶ 6, and they describe that amount in their response to the order to show cause as potentially punitive or potentially compensatory damages for "emotional stress and strain," Pl.'s Resp. to Order to Show Cause (Dkt. #7) 2.

Plaintiffs' claim for the $1,775.34 unpaid insurance reimbursement counts toward the amount-in-controversy requirement. But plaintiffs' claim for the "costs [of] . . . this lawsuit" does not, because the amount in controversy is measured "exclusive of interests and costs," 28 U.S.C. § 1332(a). Nor does the $75,000 that plaintiffs seek in either punitive or emotional-distress damages.

Under New York law, punitive damages are generally not available in breach-of-contract actions unless "the breach also involved a particularly egregious fraud that was aimed at the public

2

generally." *TVT Recs. v. Island Def Jam Music Grp.*, 412 F.3d 82, 94 (2d Cir. 2005) (citation and quotation marks omitted); *see Maciel v. BMW of N. Am., LLC*, No. 20-CV-458 (JS) (AKT), 2021 WL 983013, at *12 (E.D.N.Y. Feb. 22, 2021), *Report and Recommendation adopted*, 2021 WL 980845 (E.D.N.Y. Mar. 16, 2021). "An isolated transaction incident to an otherwise legitimate business . . . does not constitute conduct aimed at the public generally." *Pyskaty*, 856 F.3d at 226 (citation and quotation marks omitted). Plaintiffs do not allege that Seven Corners's conduct in denying their insurance claim is anything more than an isolated transaction.

Reframing plaintiffs' claim as one for emotional-distress damages does not change the result. The general rule in New York is that "a plaintiff cannot, in an action for breach of contract, recover damages for emotional distress." *Fleming v. Allstate Ins. Co.*, 482 N.Y.S.2d 519, 520 (N.Y. App. Div. 1984), *aff'd*, 489 N.E.2d 252 (1985)); *see Johnson v. Jamaica Hosp.*, 467 N.E.2d 502, 503–04 (1984). This lawsuit does not fall within the exceptions for "wrongful and abusive ejection by a hotel or innkeeper," "indignant expulsion or removal from a public facility," or "ejection by a common carrier." *Johnson*, 467 N.E.2d at 504 (citations omitted). Accordingly, emotional distress damages are not available. *See, e.g.*, *Perlbinder v. Vigilant Ins. Co.*, 141 N.Y.S.3d 141, 147 (N.Y. App. Div. 2021) (no claim for emotional distress available in breach of contract case against insurer, absent allegations supporting a special relationship between insurer and insured). Plaintiffs thus fall far short of alleging that $75,000 or more is in controversy in this lawsuit, as required for diversity jurisdiction.

Finally, plaintiffs do not establish federal-question jurisdiction through their allegation that defendant's conduct amounted to "fraud" in violation of "federal law, 18 U.S. Code section 1341," Compl. ¶ 9. Section 1341 is a criminal statute that "does not create a private right of action."

3

*Kashelkar v. Bluestone*, 306 F. App'x 690, 692 (2d Cir. 2009) (citing *Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989)).

## CONCLUSION

Plaintiffs' complaint is dismissed without prejudice. Plaintiffs may file an amended complaint within thirty days correcting the deficiencies identified in this Memorandum and Order. All proceedings in this case are stayed for thirty days. If plaintiffs fail to file an amended complaint within thirty days, the case will be dismissed. Plaintiffs may wish to consider refiling this case in state court, which has jurisdiction to hear this dispute without regard to the amount in controversy. Plaintiffs are advised that the Federal *Pro Se* Legal Assistance Project offers a free service that provides legal counseling. The project is run by the City Bar Justice Center of the New York City Bar Association. Plaintiffs may contact the project at (212) 382-4729.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

          /s/ Rachel Kovner
         RACHEL P. KOVNER
         United States District Judge

Dated:     November 28, 2022
            Brooklyn, New York